IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

EDDIE SAUCIER                                                      PETITIONER

v.                                              CAUSE NO. 1:14CV138-LG-JCG

EYDIE WINKEL                                                      RESPONDENT

## ORDER ADOPTING REPORT AND RECOMMENDATION

**BEFORE THE COURT** is the Report and Recommendation [12] entered by

United States Magistrate Judge John C. Gargiulo in which he recommends that

Eddie Saucier's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254

should be dismissed as untimely.  Saucier filed an Objection to the Report and

Recommendation, and the respondent Eydie Winkel filed a Response in opposition

to the Objection.  After reviewing the submissions of the parties, the record in this

matter, and the applicable law, the Court finds that the Report and

Recommendation should be adopted as the opinion of this Court, and the Motion to

Dismiss [9] filed by Winkel should be granted.

## BACKGROUND

On March 17, 2005, Saucier was convicted of murder and sentenced to life in

prison without the possibility of parole.  (Judgment, ECF No. 9-1).  The Mississippi

Court of Appeals affirmed Saucier's conviction and sentence on February 27, 2007.

*Saucier v. Mississippi*, 950 So. 2d 262 (Miss. Ct. App. 2007).  Saucier filed a Motion

for Post-Conviction Relief on March 29, 2012, which was denied by the Mississippi

Supreme Court on May 17, 2012.  (Mot., ECF No. 9-3; Order, ECF No. 9-4).

Saucier's Motion for Reconsideration of the denial of his Motion for Post-Conviction

Relief was denied on July 5, 2012.  (Order, ECF No. 9-5).

Saucier signed the present Petition for Writ of Habeas Corpus on March 13, 2014.  (Petition, ECF No. 1).  Saucier claims that his trial counsel provided ineffective assistance, because counsel failed to attack the credibility of one of the State's primary witnesses, Gregory Clayton.  Saucier identifies two witnesses – Johnny Woodland and Billy R. Ford, Jr. – who would allegedly testify that Clayton had a drug addiction and that he attempted to rob them.  Saucier also claims that Clayton had served as Saucier's "pro se attorney" or "writ writer," because Clayton helped Saucier read his trial transcript.  Saucier thus claims that Clayton's testimony at trial violated attorney-client privilege.  Winkel has filed a Motion to Dismiss Saucier's Petition as untimely.

Magistrate Judge Gargiulo entered a Report and Recommendation proposing that the Motion to Dismiss should be granted.  Saucier filed an Objection, asserting for the first time that there is a new witness who would testify that Clayton received a shorter sentence in exchange for testifying against Saucier.  Saucier also presents new arguments that he is entitled to equitable tolling, because he cannot read well and he has been taking very strong psychiatric medication "du[r]ing the time he spent in jail an[d] in late years to effect he did not know what re[a]lly was going on."  (Objection at 1-2, ECF No. 14).  Winkel filed a Response contesting the new arguments contained in Saucier's Objection.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides:

-2-

(d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Judge Gargiulo correctly determined that Saucier's state court murder conviction became final under subsection (d)(1)(A) on March 13, 2007, due to Saucier's failure to request a rehearing from the Mississippi Court of Appeals. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003); *see also* Miss. R. App. P. 17(b), 40(a).  In addition, Saucier's motion for post-conviction relief did not toll the one-year limitations period, because Saucier's motion was filed after the deadline for filing a habeas petition had lapsed.  *See Brown v. Thaler*, 455 F. App'x 401, 405 (5th Cir. 2011) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)).

-3-

As a result, the statute of limitations expired on March 13, 2008.  Saucier's Habeas Corpus Petition was filed six years later.

Saucier argues without further explanation that he is entitled to statutory tolling pursuant to Section 2244(d)(1)(D).  Saucier presumably contends that the one-year limitations period began to run on the date on which he located the two witnesses he names in his Petition.  Judge Gargiulo determined that the same factual predicate of Saucier's Petition was raised on direct appeal "and therefore was apparent when his state court conviction became 'final' [pursuant to subsection (d)(1)(A)] on March 13, 2007."  (Report and Recommendation 4, ECF No. 12).  Specifically, the Mississippi Court of Appeals explained that Saucier "attack[ed] Clayton's credibility stating that Clayton is 'a criminal and a liar,' and assert[ed] that when Clayton was arrested on the robbery charge, for which he is now serving time, he gave the police an alias."  *Saucier*, 950 So. 2d at 266.  Saucier also argued that "Clayton left out significant details about how the crime was committed and that any knowledge Clayton had about Wilson's murder came from reading the trial transcript . . . ."  *Id.*

The Fifth Circuit has explained that "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim."  *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998).  Saucier raised the issue of Clayton's credibility on direct appeal.  Therefore, Judge Gargiulo correctly found that Saucier could not demonstrate that he acted with due diligence or that Saucier

needed additional time to uncover the factual predicate of his claim.  At best, Saucier's proposed witnesses would merely provide additional evidence that would support Saucier's previous attack on Clayton's credibility.  Furthermore, even if Saucier had not presented the factual predicate of his claim on direct appeal, Saucier has not stated the date on which he learned the identity of these witnesses, and he has not provided any explanation for his failure to present these arguments and witnesses to the court in a timely manner.  Finally, Saucier's contention in his Objection that a new witness would testify that Clayton was given a more lenient sentence in exchange for his testimony is contradicted by the record.  *Saucier*, 950 So. 2d at 265 ("[T]he record indicates, that in exchange for his testimony, Clayton did not receive any promise of a reduction in the mandatory sentence he was already serving on a robbery conviction.").  As a result, Judge Gargiulo correctly held that Saucier is not entitled to statutory tolling pursuant to Section 2244(d)(1)(D).

In his Objection, Saucier also argues that he is entitled to equitable tolling, because he has difficulty reading and he took strong psychiatric medications.  The statute of limitations included in the AEDPA may be equitably tolled, but only in "rare and exceptional circumstances."  *Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000).  "A petitioner is entitled to equitable tolling if he shows that (1) he pursued his rights with diligence and (2) 'some extraordinary circumstance stood in his way and prevented timely filing.'"  *Hailey v. Stephens*, 532 F. App'x 571, 572 (5th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).  The

petitioner bears the burden of proving he is entitled to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

The Fifth Circuit "has recognized the possibility that mental incompetency might support equitable tolling of a limitation period." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). However, conclusory assertions of mental illness are insufficient. *Lawrence v. Florida*, 549 U.S. 327, 337 (2007); *Smith v. Kelly*, 301 F. App'x 375, 378 (5th Cir. 2008).

Saucier's inability to read well is insufficient grounds for equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993). Furthermore, Saucier has not met his burden of providing evidence and facts that demonstrate that a psychiatric medication prevented him from timely filing his habeas petition.[1] Finally, Judge Gargiulo correctly held that Saucier has not demonstrated that he acted diligently in pursuing his rights. As a result, Saucier is not entitled to equitable tolling.

## CONCLUSION

For the foregoing reasons, the Report and Recommendation entered by Judge Gargiulo is adopted as the opinion of this Court, and the Motion to Dismiss filed by Winkel is granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Report and

---

[1] Saucier did not allege that psychiatric medications prevented him from timely filing his petition until after Judge Gargiulo entered his Report and Recommendation. This delay also weighs in favor of denial of equitable tolling. *See Smith*, 301 F. App'x at 378.

Recommendation [12] entered by United States Magistrate Judge John C. Gargiulo is **ADOPTED** as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion to Dismiss [9] filed by Eydie Winkel is **GRANTED**.  The Petition for Writ Habeas Corpus filed by Eddie Saucier is hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 4th day of March, 2015.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE